UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LENNY J. DI CARLO, | ) | CV F- 05-1128 OWW DLB P |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATIONS RE |
| v. | ) | DISMISSAL OF ACTION FOR |
| | ) | FAILURE TO STATE A CLAIM UPON |
| PAUL SCHULTZ, et.al., | ) | WHICH RELIEF MAY BE GRANTED |
| | ) | |
| Defendants. | ) | OBJECTIONS DUE MAY 20, 2007 |

    Plaintiff is a prisoner in federal custody at the United States Penitentiary in Atwater, California. Plaintiff seeks relief pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors. On September 13, 2006, Plaintiff filed the complaint in this action.

    The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

1  Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

2       In the instant case, plaintiff brings action against Warden Schultz, Associate Warden Luna, Health Services Administrator Willis, Physicians Assistants Refendor, Selicki and Shojale and Correctional Officer Horchmire.  Plaintiff alleges that "medical staff" made him wait eight (8) days before examining or x-raying his right hand, which turned out to be broken.  Plaintiff also alleges that staff put a false date on the injury assessment report in an attempt to cover up the denial of medical care.  Plaintiff seeks monetary damages against the defendants for deliberate indifference to his medical needs.  He also seeks a transfer to a facility in Florida.

      A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976).  The "deliberate indifference" standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm.  Farmer v. Brennan, 511 U.S. at 837.  A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Id.

      In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06.  "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050 (9th Cir. 1992), overruled on other grounds, WMX Techs.,

Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997)(en banc).  Even gross negligence is insufficient to establish deliberate indifference to serious medical needs.  See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).  A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference.  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Deliberate indifference can be manifested by prison guards intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed.  Estelle v. Gamble, 429 U.S. at 104-05.  However, where a prisoner alleges a delay in receiving medical treatment, the prisoner must allege that the delay led to further injury.  McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992), overruled on other grounds, WMX Techs, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997); Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).

Plaintiff's allegations are insufficient to state a claim for deliberate indifference to medical needs.  While plaintiff alleges that he had to wait eight days for treatment, he does not allege that the delay was the result of intentional or deliberate conduct on the part of the defendants.  He also does not allege that the delay led to any further injury.  While it is unfortunate that plaintiff was required to wait for his medical care, mere delay, by itself, does not constitute cruel and unusual punishment in violation of the Eighth Amendment.  Plaintiff does not have a constitutional right to the best treatment available or to dictate the level of his care.  These allegations do not state a claim for deliberate indifference.

The court finds that plaintiff's amended complaint does not contain any claims upon which relief may be granted.  Plaintiff was previously notified of the deficiencies in his claims but was unable to cure them.  Accordingly, it is HEREBY RECOMMENDED that this action be dismissed in its entirety for failure to state a claim upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  On or before May 20, 2007, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure

1  to file objections within the specified time may waive the right to appeal the District Court's order.
2  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3
4      IT IS SO ORDERED.
5      **Dated:  April 23, 2007**           /s/ **Dennis L. Beck**
                                                                                UNITED STATES MAGISTRATE JUDGE